| | |
|---|---|
| 1 | Jodie Berger (SBN 124144) |
| | jberger@wclp.org |
| 2 | Richard Rothschild (SBN 67356) |
| | rrothschild@wclp.org |
| 3 | Robert Newman (SBN 86534) |
| | rnewman@wclp.org |
| 4 | Antionette Dozier (SBN 244437) |
| | adozier@wclp.org |
| 5 | **WESTERN CENTER ON LAW & POVERTY** |
| | 3701 Wilshire Blvd., Suite 208 |
| 6 | Los Angeles, CA 90010 |
| | T: (213) 235-2617 |
| 7 | F: (213) 487-0242 |
| 8 | Lindsay Nako (SBN 239090) |
| | lnako@impactfund.org |
| 9 | Fawn Rajbhandari-Korr (SBN 315888) |
| | fkorr@impactfund.org |
| 10 | Meredith Dixon (SBN 346864) |
| | mdixon@impactfund.org |
| 11 | **IMPACT FUND** |
| | 2080 Addison St., Suite 5 |
| 12 | Berkeley, CA 94704 |
| | T: (510) 845-3473 |
| 13 | F: (510) 845-3654 |
| 14 | *Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIKA OKJE ERDMANN-BROWNING and JACQUELINE BENITEZ, individually and on behalf of all others similarly situated, | Case No.: 3:23-cv-04678 |
| | **NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiffs, | |
| v. | CLASS ACTION |
| THOMAS J. VILSACK, Secretary, United States Department of Agriculture, in his official capacity; SHALANDA YOUNG, Director of the United States Office of Management and Budget, in her official capacity. | Hearing Date: September 13, 2023 |
| | Time: TBD |
| | Action filed: September 12, 2023 |
| Defendants. | |

1

**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
Case No. 3:23-cv-04678

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ 3

NOTICE OF APPLICATION ..................................................................................................... 6

APPLICATION FOR PROVISIONAL CLASS CERTIFICATION ........................................... 8

    I.    INTRODUCTION ............................................................................................. 8

    II.    RELEVANT FACTUAL BACKGROUND .................................................... 9

    III.    CLASS CERTIFICATION IS NOT A NECESSARY PREREQUISITE TO ................. 9

    IV.    LEGAL STANDARD AND PROPOSED CLASS DEFINITION .............................. 11

    V.    THE PROPOSED CLASS SHOULD BE PROVISIONALLY CERTIFIED ............... 12

        A.    The Proposed Class Satisfies the Requirements of Rule 23(a). ................................. 12

            1.    The proposed class is sufficiently numerous that joinder is impractical. .................. 12

            2.    The case presents common questions of law and fact. ............................................. 13

            3.    The named plaintiffs are typical of the class. ........................................................... 14

            4.    The named plaintiffs and their counsel are adequate representatives. ...................... 14

        B.    The Proposed Class Meets the Standard for Rule 23(b)(2) Certification. ................. 15

        C.    The Court Should Appoint Attorneys from the Western Center on Law ................. 17

    VI.    CONCLUSION ................................................................................................ 19

2

**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS
CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
Case No. 3:23-cv-04678

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Products, Inc. v. Windsor*,
　521 U.S. 591 (1997) ................................................................................................................. 15

*Armstrong v. Davis*,
　275 F.3d 849 (9th Cir. 2001) .................................................................................................... 13

*Baby Neal for & by Kanter v. Casey*,
　43 F.3d 48 (3d Cir. 1994) ......................................................................................................... 15

*Brantley v. Maxwell-Jolly*,
　656 F. Supp. 2d 1161 (N.D. Cal. 2009) ................................................................................ 9, 10

*Bresgal v. Brock*,
　843 F.2d 1163 (9th Cir. 1987) .................................................................................................. 10

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
　239 F.R.D. 9 (D.D.C. 2007) ..................................................................................................... 13

*Easyriders Freedom F.I.G.H.T. v. Hannigan*,
　92 F.3d 1486 (9th Cir. 1996) .................................................................................................... 10

*Ellis v. Costco Wholesale Corp.*,
　657 F.3d 970 (9th Cir. 2011) .............................................................................................. 11, 13

*Garnett v. Zeilinger*,
　301 F. Supp. 3d 199 (D.D.C. 2018) .......................................................................................... 12

*Gen. Tel. Co. of the Sw. v. Falcon*,
　457 U.S. 147 (1982) ................................................................................................................. 12

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) ............................................................................................ 13, 14

*Hanon v. Dataproducts Corp.*,
　976 F.2d 497 (9th Cir. 1992) .................................................................................................... 14

*Harris v. Palm Springs Alpine Estates, Inc.*,
　329 F.2d 909 (9th Cir. 1964) .................................................................................................... 12

*Hart v. Colvin*,
　310 F.R.D. 427 (N.D. Cal. 2015) ............................................................................................. 16

*Hernandez v. County of Monterey*,
   305 F.R.D. 132 (N.D. Cal. 2015) .................................................................................. 12, 13

*J.L. v. Cissna*,
   341 F. Supp. 3d 1048 (N. D. Cal. 2018) ....................................................................... 10, 16

*Jane Doe 1 v. Nielsen*,
   357 F. Supp. 3d 972 (N.D. Cal. 2018) ................................................................................ 16

*Johnson v. California*,
   543 U.S. 499 (2005) ........................................................................................................... 13

*Just Film, Inc. v. Merchant Services, Inc.*,
   474 Fed. Appx. 493 (9th Cir. 2012) ................................................................................... 10

*Leyva v. Medline Indus., Inc.*,
   716 F.3d 510 (9th Cir. 2013) .............................................................................................. 11

*Meyer v. Portfolio Recovery Assocs., LLC*,
   707 F.3d 1036 (9th Cir. 2012) ............................................................................................ 11

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ........................................................................................ 14, 15

*Price v. City of Stockton*,
   390 F. 3d 1105 (9th Cir. 2004) ........................................................................................... 10

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ............................................................................................ 16

*Saravia v. Sessions*,
   280 F. Supp. 3d 1168 (N.D. Cal. 2017) .............................................................................. 11

*Scholl v. Mnuchin*,
   489 F. Supp. 3d 1008 (N.D. Cal. 2020) .............................................................................. 11

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ........................................................................................................... 11

*Staton v. Boeing Corp.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................................. 15

*Wal-Mart Stores, Inc., v. Dukes*,
   564 U.S. 338 (2011) ........................................................................................................... 13

*Wortman v. Air New Zealand*,
   326 F.R.D. 549 (N.D. Cal. 2018) ....................................................................................... 12

4
**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS
CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
Case No. 3:23-cv-04678

*Zepeda Rivas v. Jennings*,
   445 F. Supp. 3d 36 (N.D. Cal. 2020) .................................................................................. 11

**Statutes**

7 U.S.C. § 2011 ............................................................................................................................ 13
7 U.S.C. § 2014(b) ....................................................................................................................... 17
7 U.S.C. § 2013(b)(7)(A) .............................................................................................................. 6

**Rules**

Fed. R. Civ. P. 23(a) ..................................................................................... 9, 12, 13, 15
Fed. R. Civ. P. 23(a)(1) ................................................................................................. 13
Fed. R. Civ. P. 23(a)(3) ................................................................................................. 15
Fed. R. Civ. P. 23(a)(4) ................................................................................................. 15
Fed. R. Civ. P. 23(a)(2) ........................................................................................... 14, 15
Fed. R. Civ. P. 23(b) ..................................................................................................... 12
Fed. R. Civ. P. 23(b)(2) ...................................................................................... 9, 13, 10, 16, 17
Fed. R. Civ. P. 23(g) ................................................................................................. 7, 10, 15, 18
Fed. R. Civ. P. 23(g)(1) ................................................................................................. 19

**Other Authorities**

*Class Certification in the Age of Aggregate Proof*,
   84 N.Y.U. L. Rev. 97 (2007) ............................................................................................... 15
*Fed. Civ. P. Before Trial,* § 10:773 at 10-116 (The Rutter Group 2008) .............................. 10, 11
*Federal Practice and Procedure* § 1763 (3d ed. 2006) .................................................................. 13

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Anika Okje Erdmann-Browning and Jacqueline Benitez, individually and on behalf of all others similarly situation, apply ex parte for an order provisionally certifying Plaintiffs' claims as a class action, appointing Plaintiffs as class representatives, and appointing class counsel, under Rule 23(a), Rule 23(b)(2), and Rule 23(g) of the Federal Rules of Civil Procedure and Rule 7-2 of the Civil Local Rules of the Court.

Plaintiffs have concurrently filed an Ex Parte Application for TRO and OSC Re: Preliminary Injunction ("Application for TRO"). Plaintiffs' application seeks provisional class certification for purposes of the motion for expedited relief through a TRO.

Plaintiffs propose the following class definition:

> All households that are or will be certified to receive Supplemental Nutrition Assistance Program (SNAP) benefits for October 2023 in the 50 states, the District of Columbia, Guam, and the Virgin Islands.[1]

Defendants' failure to ensure prompt issuance of Supplemental Nutrition Assistance Program food benefits for October 2023 applies uniformly to the proposed class and—as briefed in the Application for TRO—injunctive and declaratory relief are appropriate for the class as a whole. The motion also requests appointment of Plaintiffs Erdmann-Browning and Benitez as representatives of the Proposed Class and attorneys at the Western Center on Law and Poverty (Richard A. Rothschild, Jodie Berger, Antionette Dozier, Robert Newman) and the Impact Fund (Lindsay Nako, Fawn Rajbhandari-Korr, Meredith Dixon) as class counsel under Federal Rule of Civil Procedure 23(g).

This ex parte application is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the declarations of counsel Jodie Berger, Lindsay Nako, and Richard Rothschild in support of Plaintiffs' Ex Parte Application for Provisional Class Certification and all exhibits thereto; Plaintiffs' Notice of Ex Parte Application and Ex Parte

---

[1] The U.S. territories of the Commonwealth of Puerto Rico, American Samoa, and the Commonwealth of the Northern Mariana Islands are excluded from the class, as, the Nutrition Assistance Program (NAP) block grants provide food assistance to low-income households in those areas, which are subject to annual appropriations to operate. The Food distribution program on Indian reservations is also excluded from the class, as funds made available for a fiscal year remain available for obligation for a period of 2 fiscal years. 7 U.S.C § 2013(b)(7)(A).

Application for TRO and OSC Re: Preliminary Injunction; the declarations of Plaintiff Anika Okje Erdmann-Browning, Plaintiff Jacqueline Benitez, Shimica Gaskins, Rebecca Silva, Louise Hayes, Erica Padilla Chavez, Gina Plata-Nino, David A. Super, and Jodie Berger offered in support of Plaintiffs' Ex Parte Application for TRO and OSC Re: Preliminary Injunction and all exhibits thereto; and all of the records in the action.

On September 11, 2023, Jodie Berger, counsel for Plaintiffs, contacted a representative of the Department of Justice and gave notice of Plaintiffs' ex parte application for provisional class certification. Decl. of Jodie Berger in Supp. of Pls. Ex Parte App. for Prov. Class Certification ("Berger Decl. ISO Class Certification"), ¶ 2. Counsel advised that Plaintiffs would be applying for a Temporary Restraining Order and would be seeking provisional class certification for purposes of the application. *Id.*

Dated: September 12, 2023                    WESTERN CENTER ON LAW & POVERTY

By: _____
    Jodie Berger
    Attorneys for Plaintiff

## APPLICATION FOR PROVISIONAL CLASS CERTIFICATION

### I. INTRODUCTION

Plaintiffs Anika Okje Erdmann-Browning and Jacqueline Benitez currently receive subsistence food benefits assistance through the federally funded Supplemental Nutrition Assistance Program (SNAP). Plaintiffs and the proposed class desperately need their monthly SNAP benefits to feed themselves and their families. Any delay in receiving these benefits will jeopardize their ability to do so, leaving them to choose between eating and meeting other basic needs, such as paying for shelter, buying gas to get to work or purchasing medication. Yet Plaintiffs and all other SNAP recipients nationwide are in danger of not receiving their SNAP benefits in a timely manner beginning as early as October 1, 2023. This delay will violate the Food and Nutrition Act, which mandates the timely payment of SNAP benefits to all eligible households that apply.

This putative class action lawsuit challenges the apparent refusal by the United States Department of Agriculture (USDA) to authorize issuance of SNAP benefits for October and subsequent months. To preserve the status quo and to prevent grievous irreparable injury to more than 40 million people, Plaintiffs have filed the accompanying Ex Parte Application for TRO and OSC Re: Preliminary Injunction ("TRO Application"). By the present ex parte application, Plaintiffs separately seek an order from the Court provisionally certifying this matter as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs meet all the requirements for class certification. *First,* the class is so numerous that it would be impractical to join all the people who currently receive SNAP benefits or who have applied for and will be eligible to receive SNAP benefits beginning October 1, 2023. As of June 2023, there were over 40 million SNAP recipients in the United States and over 5 million SNAP recipients in California alone. *Second,* members of the proposed class share common questions of law and fact, including whether USDA's refusal to authorize issuance of SNAP benefits in October in the face of a government shutdown violates the Food and Nutrition Act by delaying or interrupting the issuance of previously approved benefits. *Third*, Plaintiffs' claims are typical of those of the proposed class: they are and will continue to be eligible for SNAP

8

**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
Case No.

benefits for the foreseeable future. Both Plaintiffs face a potential interruption of their benefits as of October 1 because of Defendants' actions. *Fourth,* Plaintiffs will fairly and adequately protect the interests of the class. Likewise, Plaintiffs' attorneys also will fairly and adequately represent the interests of the class. They have decades of experience in class actions, public benefits, and other complex cases in federal court, making them adequate class counsel. *Fifth*, this case is appropriate for certification under Rule 23(b)(2) because Defendants have refused to act on grounds that apply to the class as a whole, and Plaintiffs only seek declaratory and injunctive relief. *Finally*, Plaintiffs Erdmann-Browning and Benitez are appropriate representatives of the Proposed Class and the attorneys at the Western Center on Law and Poverty and the Impact Fund are adequate class counsel under Federal Rule of Civil Procedure 23(g). The Court should grant this class certification motion.

## II.     RELEVANT FACTUAL BACKGROUND

For purposes of this Application, Plaintiffs incorporate the facts set forth in Section II of Plaintiffs' TRO Application.

## III.    CLASS CERTIFICATION IS NOT A NECESSARY PREREQUISITE TO PRELIMINARY INJUNCTIVE RELIEF

Although this lawsuit readily meets the requirements for class certification, the Court need not certify a class to grant the equivalent of class-wide relief in connection with Plaintiffs' TRO Application. This Court and the parties could forgo this class certification motion if the Defendants agree to apply any ruling on the TRO Application to all other similarly situated SNAP recipients. *See, e.g.*, *Brantley v. Maxwell-Jolly*, 656 F. Supp. 2d 1161, 1177-1178 (N.D. Cal. 2009) (defendants asserted that "there is no need for plaintiffs' motion for class certification to be heard now," so long as "plaintiffs meet the requirement for a preliminary injunction as to the named plaintiffs and they establish that putative class members will face the same harm").

If the Defendants are unwilling to make such a commitment in this case, the Court could alternatively grant a preliminary injunction on behalf of nonparties—all SNAP recipients— without ruling on this class certification motion. Circuit precedent establishes that "[t]here is no

9

**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR PROVISIONAL CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
Case No. 3:23-cv-04678

general requirement that an injunction affect only the parties in the suit." *Bresgal v. Brock*, 843 F.2d 1163, 1169 (9th Cir. 1987); *see also Price v. City of Stockton*, 390 F. 3d 1105, 1118 (9th Cir. 2004) ("Because the breadth of the [preliminary] injunction was necessary to preserve the status quo for all Plaintiffs, the district court did not abuse its discretion by ordering that relocation assistance benefits be provided to all displaced persons").

The Ninth Circuit has affirmed several injunctions that benefited non-parties when they were necessary to grant full and complete relief to the plaintiffs. In *Bresgal*, 843 F.2d 1163, the Ninth Circuit held that a permanent injunction should apply against the Secretary of Labor generally throughout the United States because there was no injunction that could practically be limited to a smaller group of specific labor contractors. *Id.* at 1171 ("The Act cannot be enforced only against those contractors who have dealings with named plaintiffs, or against those contractors only insofar as they have dealings with named plaintiffs."). Similarly, in *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501 (9th Cir. 1996), the court ruled that a permanent injunction forbidding the California Highway Patrol from engaging in unconstitutional stops of all motorcyclists, including non-plaintiffs, was not overbroad. *See also id.* at 1502 ("[T]he Plaintiffs would not receive the complete relief to which they are entitled without statewide application of the injunction.")

With putative class action lawsuits, such as this case, courts have also held that a preliminary injunction is appropriate where "carefully tailored to maintain the status quo [and] where class certification is *pending* and the plaintiff has shown that a class-wide injunction is necessary to remedy the alleged class-wide harm." *Just Film, Inc. v. Merchant Services, Inc.*, 474 Fed. Appx. 493, 495 (9th Cir. 2012) (emphasis added); *see also J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1070 (N. D. Cal. 2018) ("Although a class has not yet been certified, California-wide preliminary injunctive relief is necessary to preserve the status quo and to prevent irreparable harm for all Plaintiffs and the putative class."); *Brantley*, 656 F. Supp. 2d at 1178 n. 14 ("District courts are empowered to grant preliminary injunctions 'regardless of whether the class has been certified,'" *citing* Schwarzer, Tashima and Wagstaffe, *Fed. Civ. P. Before Trial,* § 10:773 at 10-

116 (The Rutter Group 2008)).

If the Court determines that class certification is necessary in order to grant class wide relief, then Plaintiffs request that it rule upon this class certification motion in conjunction with the TRO Application. *See, e.g., Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202-1206 (N.D. Cal. 2017) (court provisionally certified a class of noncitizen minors and granted preliminary injunction on their behalf), *aff'd*, 905 F. 3d 1137 (9th Cir. 2018). Under other "time sensitive" circumstances, courts of this District have "[found] persuasive the approach" of provisionally certifying classes for purposes of preliminary injunctive relief. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1043 (N.D. Cal. 2020) (citing *Saravia*, 280 F. Supp. 3d 1168); *see also Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 38-40 (N.D. Cal. 2020) (granting provisional certification of class in conjunction with issuance of TRO); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (holding district court did not abuse its discretion by provisionally certifying class for purpose of entering preliminary injunction).

## IV. LEGAL STANDARD AND PROPOSED CLASS DEFINITION

Federal Rule of Civil Procedure 23(a) requires parties seeking class certification to establish:

(1) that the class is so large that joinder of all members is impracticable (numerosity);

(2) that there are one or more questions of law or fact common to the class (commonality);

(3) that the named parties' claims are typical of the class (typicality); and

(4) that the class representatives will fairly and adequately protect the interests of other members of the class (adequacy of representation).

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011). The proposed class must also satisfy one of the subsections of Rule 23(b), "which defines three different types of classes." *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Plaintiffs who satisfy these prerequisites have a "categorical" right to "pursue [their] claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

Plaintiffs propose to certify a class provisionally under Rule 23(a) and (b)(2) defined as follows:

> All households that are or will be certified to receive Supplemental Nutrition Assistance Program (SNAP) benefits for October 2023 in the 50 states, the District of Columbia, Guam, and the Virgin Islands.

Membership in the proposed class is based on objective characteristics: (1) residents of the United States or its territories; (2) who have been approved to receive SNAP benefits; (3) for the specific time frame (October 2023). *See Hernandez v. County of Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015) (approving class definition where membership is determined by objective criteria and avoids subjective standards).

## V.  THE PROPOSED CLASS SHOULD BE PROVISIONALLY CERTIFIED

### A.  The Proposed Class Satisfies the Requirements of Rule 23(a).

A district court must conduct a "rigorous analysis" to ensure that the Rule 23(a) requirements are met. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). The named plaintiffs and the proposed class satisfy these requirements.

#### 1.  The proposed class is sufficiently numerous that joinder is impractical.

Numerosity is met when the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability refers to the difficulty or inconvenience of joining all members of the class. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Plaintiffs "do[] not need to allege a precise number of class members, but may make a reasonable estimate." *Wortman v. Air New Zealand*, 326 F.R.D. 549, 556 (N.D. Cal. 2018). Classes challenging unlawful denials of public benefits regularly satisfy numerosity. *See, e.g.*, *Garnett v. Zeilinger*, 301 F. Supp. 3d 199, 206 (D.D.C. 2018).

Defendants' conduct uniformly threatens the benefits of millions of SNAP recipients—over 40 million SNAP recipients in the United States, including over five million SNAP recipients in California.[2] The proposed class is sufficiently numerous to satisfy Rule 23(a)(1).

---

[2] Supplemental Nutrition Assistance Program (data as of August 11, 2023), state level participation and benefits by persons, https://fns-prod.azureedge.us/sites/default/files/resource-files/snap-4fymonthly-8.pdf (last visited September 11, 2023); Cal. Dep't of Soc. Servs.,

**2.     The case presents common questions of law and fact.**

Plaintiffs satisfy the commonality requirement of Rule 23(a)(2) because there are questions of law and fact common to the class. "The requirements of Rule 23(a)(2) have 'been construed permissively," and '[a]ll questions of fact and law need not be common to satisfy the rule." *Ellis*, 657 F.3d at 981, *citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The existence of shared legal issues with divergent factual predicates is sufficient. *Hanlon*, 150 F.3d at 1019.

Just one common question is sufficient for commonality provided that the "determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350, 359 (2011). The Ninth Circuit has held "in a civil-rights suit, commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), overruled on other grounds by *Johnson v. California*, 543 U.S. 499, (2005). Moreover, class actions that seek injunctive or declaratory relief by their very nature present common questions of law and fact. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 26 (D.D.C. 2007) (citing 7AWright, Miller & Kane, *Federal Practice and Procedure* § 1763 (3d ed. 2006)).

The proposed class satisfies commonality because the *same* question of law applies to every member of the class: is USDA violating the Food and Nutrition Act, which created SNAP "to safeguard the health and well-being of the Nation's population" (7 U.S.C. § 2011), by requiring specific new appropriation legislation to continue funding SNAP benefits for October 2023? "Commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Hernandez*, 305 F.R.D. at 153.

The key facts underlying the claims are common: every class member is or will soon be certified to receive monthly SNAP benefits in October 2023; every class member faces the

---

CalFresh Data Dashboard (last updated Aug. 30, 2023), available at https://public.tableau.com/app/profile/california.department. of.social.services/viz/CFdashboard-PUBLIC/Home?publish=yes (last visited Sept. 11, 2023).

potential interruption of their SNAP benefits in October; and every class member will be harmed as a result of Defendants' refusal to approve issuance of SNAP benefits for October.

Resolution of the core legal question—whether Defendants violated the Food and Nutrition Act by requiring new appropriations legislation to fund SNAP benefits for October 2023—will determine whether injunctive relief is appropriate to direct the Secretary of Agriculture to initiate benefits for October 2023 and beyond. Rule 23(a)(2)'s commonality requirement is therefore met.

### 3. The named plaintiffs are typical of the class.

To satisfy typicality, plaintiffs must show that their claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether the other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same court of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotations omitted). The typicality requirement serves to ensure that the interest of the named representatives align with the interests of the class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). It is a permissive standard and requires that representative claims are reasonably coextensive with those of absent class members; they need not be substantially identical. *Hanlon*, 150 F.3d at 1020.

Plaintiffs meet this test. Plaintiffs Erdmann-Browning and Benitez are SNAP recipients in California who are currently eligible to receive SNAP benefits. Erdmann-Browning Decl. ¶ 4; Benitez Decl. ¶ 5. Like all class members, they are faced with the prospect that their October SNAP benefits will be delayed or suspended. Their injuries are the same as those experienced by the class. *See* Plata-Nio Decl.¶¶ 7-9.

### 4. The named plaintiffs and their counsel are adequate representatives.

The final requirement under Rule 23(a) is that the class representatives and their proposed Class Counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4), 23(g). The Court must determine whether the class representatives "have any conflicts of interest with other class members" and will "prosecute the action vigorously on

behalf of the class" through qualified counsel. *Staton v. Boeing Corp.*, 327 F.3d 938, 957 (9th Cir. 2003). The focus is on uncovering "conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation omitted).

Plaintiffs' interests are directly aligned with those of the class. Like all class members, they are facing increased food insecurity if their SNAP benefits are delayed or suspended. Decl. of Erdmann-Browning, ¶¶ 12, 16; Decl. Benitez, ¶ 13. They want to timely obtain these benefits for themselves and for the class. Decl. of Erdmann-Browning, ¶ 17; Decl. Benitez, ¶ 14. They understand their duties as class representatives and that they must prioritize the interests of the class over their own. Erdmann-Browning Decl. ¶17; Benitez Decl. ¶14.

Proposed class counsel will also adequately represent the interests of the class. Plaintiffs' counsel, the attorneys at the Western Center on Law and Poverty and the Impact Fund, together bring extensive experience in public benefits and class action litigation and are prepared to vigorously represent the class. *See infra* Section V.C. (Appointment of Class Counsel).

### B. The Proposed Class Meets the Standard for Rule 23(b)(2) Certification.

Federal Rule of Civil Procedure 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2) is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688. It is sufficient if the defendant has engaged in a pattern of activity that is "central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994). The "indivisible nature of the injunctive and declaratory remedy" justifies certification because the conduct "can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2007)). The fact that

some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2). *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).

This Court has routinely certified classes challenging federal agency policies under Rule 23(b)(2). *See, e.g.*, *J.L. v. Cissna*, No. 18-cv-04914, 2019 WL 415579, at *11 (N.D. Cal. Feb. 1, 2019) (challenge to U.S. Citizenship and Immigration Services' policy denying legal status to certain non-citizen children who received guardianship order in California probate courts); *Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 993 (N.D. Cal. 2018) (challenge to Department of Homeland Security notices regarding refugee status ineligibility); *Hart v. Colvin*, 310 F.R.D. 427, 439 (N.D. Cal. 2015) (challenge to Social Security Administration policy of relying on disqualified doctor's reports to deny benefits).

Here, USDA has historically taken the position that, absent the passage of an annual appropriation bill or a continuing resolution, SNAP operations must cease. Decl. of Jodie Berger in Supp. of Pls.' Ex Parte App. for TRO and OSC re: Prelim. Inj. ("Berger Decl. ISO TRO"), ¶ 7, Ex. 4 (Supplemental Nutrition Assistance Program [SNAP] Lapse in Funding Questions from States – Part 6 October 16, 2013). To make matters worse, USDA has previously told states that if they use state funds in the absence of federal SNAP issuances, they are liable and have no guarantee of federal reimbursement. *Id.* at ¶ 8, Ex. 5 (Supplemental Nutrition Assistance Program (SNAP) Lapse in Funding Questions from States – Part 5 October 11, 2013; Part 5 October 16, 2013). Absent instructions to the states to proceed with the October 2023 issuance, states will not begin the process to get the monthly allotments issued. Plaintiffs have provided proof that the states have set deadlines for when they must start the issuance process to meet their legal obligation of timely benefit delivery. *Id.* at ¶ 6, Ex. 3 (letter from Alexis Fernández Garcia, Deputy Director of California Department of Social Services); Decl. of Louise Hayes, ¶ 6. Those deadlines start as early as September 15, 2023. *Berger Decl. at* ¶ 8, Ex. 5. California failed to provide Plaintiffs' counsel with an assurance that it would proceed with the issuance process, stating only that they were working to mitigate harm. *Id.* at ¶ 6, Ex. 3.

Pennsylvania stated that they need to know "ASAP" whether to transmit their EBT issuance files, and that the state cannot proceed "without FNS guidance and that is often held until fairly late in negotiations." Decl. of Louise Hayes,, ¶ 6.

Both Congressional members and Defendant Young have publicly stated that the government is likely to shut down as a result of Congress failing to pass appropriations bills before the end of Fiscal Year 2022-23 on September 30, 2023. Melanie Zanona and Annie Grayer, *House GOP's government shutdown threat set to collide with demands for Biden impeachment*, CNN Politics, September 11, 2023, https://www.cnn.com/2023/09/11/politics/impeachment-government-shutdown-house-return/index.html; Tony Room, *White House asks Congress to pass short-term spending deal, boost food aid*, Washington Post, August 31, 2023, https://www.washingtonpost. com/business/2023/08/31/white-house-congressional-spending-government-shutdown/.

Plaintiffs seek class-wide injunctive and declaratory relief to remedy USDA's failure to ensure timely issuance of SNAP benefits in the absence of an annual appropriation bill or a continuing resolution. Any order entered by this Court would inure to the benefit of all members of the Class because SNAP is a nationwide program with eligibility rules and benefit levels that are generally set at the federal level. 7 U.S.C. § 2014(b); Center on Budget and Policy Priorities, "Policy Basics: The Supplemental Nutrition Assistance Program (SNAP)," June 9, 2022, https://www.cbpp.org/ research/food-assistance/the-supplemental-nutrition-assistance-program-snap ("SNAP eligibility rules and benefit levels are, for the most part, set at the federal level and uniform across the nation, though states have flexibility to tailor aspects, such as the value of a vehicle a household may own and still qualify for benefits.") (last visited September 11, 2023).

### C. The Court Should Appoint Attorneys from the Western Center on Law and Poverty and the Impact Fund as Class Counsel under Rule 23(g).

When certifying a class, the court is required to appoint counsel to represent the certified class. Fed. R. Civ. P. 23(g). This Court should appoint attorneys from the Western Center on Law and Poverty (Richard A. Rothschild, Jodie Berger, Antionette Dozier, Robert Newman) and

from the Impact Fund (Lindsay Nako, Fawn Rajbhandari-Korr, Meredith Dixon) to represent the proposed class.

In evaluating counsel, the court must consider: (1) the work counsel has done investigating the claims; (2) counsel's experience in handling class actions and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1).  In addition to these factors, the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*.

**Investigation:** Proposed class counsel has been diligently investigating the specific claims in this case since it became apparent that Congress would not enact appropriations bills before the end of Federal Fiscal Year 2022-23, and when members of Congress voiced opposition to a continuing resolution.  Decl. of Jodie Berger in Supp. of Pls. Ex Parte App. for Prov. Class Certification ("Berger Decl. ISO Class Certification"), ¶ 9.  Plaintiffs' counsel has evaluated the legal issues relating to delays and suspensions of SNAP benefits, consulted with economists, hunger experts, and food bank professionals.  *Id*.  Western Center sent a letter to Defendant Vilsack on August 30, 2020, explaining why USDA should ensure issuance of SNAP benefits even if Congress had not acted and the government shut down.  Berger Decl. ISO TRO, ¶ 2, Ex. 1.  Western Center made several attempts to send a demand letter to Defendant Young on September 7-8, 2023, requesting that she obligate October 2023 benefits from the Fiscal Year 2022-23 appropriation, or otherwise confirm that the October issuances may proceed.  *Id.* at ¶¶ 4-5, Ex. 2.  When these efforts failed, Plaintiffs' counsel attempted to request that the U.S. Attorney transmit the demand to the Director on September 11, 2023.  *Id*. at ¶ 10.  When that was unsuccessful, Plaintiff counsel sent a letter to the defendant's referring to the request in the demand letters, and notifying them of the intent to seek a September 13, 2023 TRO hearing date.

**Subject Matter and Class Action Expertise**: Attorneys from Western Center have deep and longstanding expertise in the area of public benefits.  Decl. of Richard Rothschild in Supp. of Pls. Ex Parte App. for Prov. Class Certification ("Rothschild Decl."), ¶¶ 2-3, 5-12.  They have

served as counsel in many class actions, including significant cases on behalf of public assistance recipients. *Id.* at ¶¶ 6-7, 11. Impact Fund attorneys have expertise in class action and complex litigation, particularly on social justice issues. Decl. of Lindsay Nako in Supp. of Pls. Ex Parte App. for Prov. Class Certification ("Nako Decl."), ¶¶ 3,9. They have been approved to serve as class counsel in many major civil rights class actions in this district and in other courts. Rothschild Decl., ¶ 3; Nako Decl., ¶¶ 3, 5.

**Commitment of Time and Resources:** Proposed class counsel has and is prepared to commit the time and resources necessary to litigate this case and represent the interests of the class. Rothschild Decl. ¶ 13; Nako Decl. ¶ 9.

## VI. CONCLUSION

This case presents precisely the circumstances where a class action is warranted. Accordingly, Plaintiffs respectfully request that this Court provisionally certify the proposed class, appoint Plaintiffs as class representative and appoint Plaintiffs' counsel as class counsel.

Dated: September 12, 2023                         WESTERN CENTER ON LAW & POVERTY

By: _____
     Jodie Berger
     Attorneys for Plaintiff