Jodie Berger (SBN 124144)
jberger@wclp.org
Richard Rothschild (SBN 67356)
rrothschild@wclp.org
Robert Newman (SBN 86534)
rnewman@wclp.org
Antionette Dozier (SBN 244437)
adozier@wclp.org
**WESTERN CENTER ON LAW & POVERTY**
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
T: (213) 235-2617
F: (213) 487-0242

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
**IMPACT FUND**
2080 Addison St., Suite 5
Berkeley, CA 94704
T: (510) 845-3473
F: (510) 845-3654

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIKA OKJE ERDMANN-BROWNING and JACQUELINE BENITEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. VILSACK, Secretary, United States Department of Agriculture, in his official capacity; SHALANDA YOUNG, Director of the United States Office of Management and Budget, in her official capacity.<br><br>Defendants. | Case No.: 3:23-cv-04678<br><br>**PLAINTIFFS'** *EX PARTE* **MOTION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION**<br><br>CLASS ACTION<br><br>Hearing Date: September 13, 2023<br>Time: TBD<br><br>Action Filed: September 12, 2023 |

*EX PARTE* **MOTION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION**

Plaintiffs Anika Okje Erdmann-Browning and Jaqueline Benitez, individually and on behalf of all others similarly situated, move ex parte for a temporary restraining order ("TRO") and an order to show cause ("OSC") re preliminary injunction against Defendants Thomas J. Vilsack, Secretary of the United States Department of Agriculture, and Shalanda Young, Director of the United States Office of Management and Budget. Plaintiffs respectfully request that the Court immediately issue the Proposed Order submitted herewith in accordance with Local Rule 7-2 and set a briefing schedule and hearing date for a preliminary injunction.

A TRO is necessary to preserve the status quo and continue the regular issuance of critical food assistance benefits in October to households across the country, leading up to the impending shutdown of the federal government on October 1, 2023. Plaintiffs and the proposed class are low-income individuals who depend on benefits from the Supplemental Nutrition Assistance Program ("SNAP") to meet their nutritional and subsistence needs. Congress has failed to pass the agriculture appropriations bill, among others, for Federal Fiscal Year 2024, making a federal government shutdown likely, if not inevitable. Although Defendants can access sufficient funds to issue SNAP benefits in October 2023, Defendants Vilsack and Young have failed to confirm that SNAP benefits will continue in October, causing states uncertainty as to whether program operations will cease on September 30, 2023.

Plaintiffs seek a TRO ordering Secretary Vilsack to continue SNAP operations as normal by permitting state SNAP agencies to submit initiating files as usual and reimbursing states for October SNAP issuances as usual. They also seek a TRO to order Director Young to apportion all funds necessary to fund October 2023 SNAP benefits.

This ex parte application is made pursuant to 17 U.S.C. § 502(a), Federal Rule of Civil Procedure 65, and Local Rules 7-10 and 65-2. It is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the declarations of Plaintiff Anika Okje Erdmann-Browning, Plaintiff Jacqueline Benitez, Shimica Gaskins, Rebecca Silva, Louise Hayes, Erica Padilla Chavez, Gina Plata-Nino, David A. Super, and Jodie

Berger offered in support of Plaintiffs' Ex Parte Application for TRO and OSC Re: Preliminary Injunction and all exhibits thereto; Plaintiffs' Notice of Ex Parte Application and Ex Parte Application for Provisional Class Certification; the declarations of counsel Jodie Berger, Lindsay Nako, and Richard Rothschild in support of Plaintiffs' Ex Parte Application for Provisional Class Certification and all exhibits thereto; all filings in this matter; and any and all evidence, argument, or other matters that may be presented at the hearing.

Without assurance that Defendants will continue program operation, Plaintiffs need this Court's assistance to ensure continuation of necessary benefits.

### Plaintiffs Have No Alternative to Issuance of a TRO

Plaintiffs' counsel attempted to avoid the need for a TRO. Counsel have issued demand letters to Secretary Vilsack of USDA and Director Young of OMB, seeking assurances that Defendants will continue program operations as usual.

On August 30, 2023, Plaintiffs' counsel issued a demand letter to Secretary Vilsack, asking USDA to confirm that states should initiate the process for distributing October benefits, which happens in mid-September, or otherwise confirm that the October benefit issuances may proceed without interruption or delay. Decl. of Jodie Berger in Supp. of Pls.' Ex Parte App. for TRO and OSC re: Prelim. Inj. ("Berger Decl. ISO TRO"), ¶ 2, Ex. 1. The August 30 letter also informed Secretary Vilsack that if counsel did not receive a response by Friday, September 8, 2023, counsel intended to inform their clients of their right to pursue legal action. *Id.* Secretary Vilsack did not respond. *Id.* ¶ 3.

On September 7, 2023, Plaintiffs' counsel issued a demand letter, sent by overnight delivery, to Director Young, asking OMB to instruct USDA that October 2023 SNAP benefits should be obligated under the Federal Fiscal Year 2023 appropriation. *Id.* at ¶ 4, Ex. 2. The September 7 letter informed Director Young that if counsel did not receive a response by Monday, September 11, 2023, counsel intended to inform their clients of their right to pursue legal action. *Id.* The U.S. Postal Service could not deliver the letter. The U.S. Postal Service could not deliver the letter. *Id.* ¶ 5. On September 8, 2023, Plaintiffs' counsel attempted to send

the demand letter by email. Counsel received notices that none of the attempted addresses could be delivered. *Id.* On September 11, 2023 Plaintiffs' counsel attempted to contact a U.S. Attorney to request that the DOJ transmit the demand to Defendant Young, but could not reach any U.S. Attorney. *Id.* At ¶ 10.

On September 11, 2023, Plaintiffs' counsel Jodie Berger went to the office of the U.S. Attorney in Oakland, California, to notify them of the forthcoming filing of this case and Plaintiffs' intent to request a hearing on their ex parte application for a TRO and the accompanying ex parte application for provisional class certification. *Id.* ¶ 10. Ms. Berger was not able to speak to any of the attorneys there. *Id.* Later that day, Plaintiffs' counsel sent a second letter to Secretary Vilsack and Director Young notifying them of the forthcoming filing of this action and Plaintiffs' intent to request a hearing on their ex parte application for a TRO and the accompanying ex parte application for provisional class certification. *Id.* ¶ 11.i., Ex. 7. On September 12, 2023, Plaintiffs' counsel informed staff with the U.S. Attorney's office that they were requesting a hearing on September 13, 2023 regarding Plaintiffs' Application for a TRO and Provisional Class Certification, and that they would inform the U.S. Attorney's office if a different date is set. *Id. at* ¶ 11.j.

As of the filing of this Motion, Defendants have not responded to any of Plaintiffs' communications. *Id.* ¶ 12.

Because Defendants have not indicated whether they will permit states to submit issuance files to EBT vendors on the normal monthly schedule and have not responded to counsel's demands, Plaintiffs have no alternative but to seek a TRO to prevent irreparable harm to Plaintiffs.

**Good Cause Exists to Issue a TRO**

As detailed in the accompanying Memorandum of Points and Authorities, Plaintiffs will suffer irreparable injury without an injunction ordering continued operation of SNAP through October 2023. An interruption in SNAP benefits will cause hunger and other serious financial harm, which courts in this Circuit have repeatedly recognized are not remedied by retroactive

benefits. A TRO would maintain the status quo and prevent an unlawful and unnecessary interruption in SNAP benefits. A TRO is necessary not only to prevent an interruption in benefits caused by Defendants directly, but also to prevent a delay caused by uncertainty within state SNAP agencies as to how they may proceed with regard to October SNAP benefit payments.

Dated: September 12, 2023                WESTERN CENTER ON LAW & POVERTY

By: _____
        Jodie Berger
        Attorneys for Plaintiff