Jodie Berger (SBN 124144)
jberger@wclp.org
Richard Rothschild (SBN 67356)
rrothschild@wclp.org
Robert Newman (SBN 86534)
rnewman@wclp.org
Antionette Dozier (SBN 244437)
adozier@wclp.org
**WESTERN CENTER ON LAW & POVERTY**
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
T: (213) 235-2617
F: (213) 487-0242

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
**IMPACT FUND**
2080 Addison St., Suite 5
Berkeley, CA 94704
T: (510) 845-3473
F: (510) 845-3654

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIKA OKJE ERDMANN-BROWNING and JACQUELINE BENITEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. VILSACK, Secretary of the United States Department of Agriculture, in his official capacity; SHALANDA YOUNG, Director of the United States Office of Management and Budget, in her official capacity.<br><br>Defendants. | Case No.: 4:23-cv-04678-JST<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: March 14, 2024<br>Time: 2:00 p.m.<br><br><br>Action filed: September 12, 2023 |

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION ................................. 6

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 8

I. INTRODUCTION ................................................................................................................ 8

II. RELEVANT FACTUAL BACKGROUND ........................................................................ 9

III. CLASS CERTIFICATION IS NOT A NECESSARY PREREQUISITE TO ..................... 9

IV. LEGAL STANDARD AND PROPOSED CLASS DEFINITION .................................... 10

V. THE PROPOSED CLASS MEETS ALL REQUIREMENTS FOR CERTIFICATION…12

   A. The Proposed Class Satisfies the Requirements of Rule 23(a). .................................. 12

     1. The proposed class is sufficiently numerous that joinder is impractical. ................ 12

     2. The case presents common questions of law and fact. ............................................ 12

     3. The named plaintiffs are typical of the class. .......................................................... 14

     4. The named plaintiffs and their counsel are adequate representatives. ..................... 15

   B. The Proposed Class Meets the Standard for Rule 23(b)(2) Certification. ................... 15

   C. The Court Should Appoint Attorneys from the Western Center on Law. ................... 17

VI. CONCLUSION .................................................................................................................. 18

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................................... 15

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ...................................................................................... 13

*Baby Neal for & by Kanter v. Casey*,
  43 F.3d 48 (3d Cir. 1994) ..................................................................................... 15, 16

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
  239 F.R.D. 9 (D.D.C. 2007) ........................................................................................ 13

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................. 11, 12

*Garnett v. Zeilinger*,
  301 F. Supp. 3d 199 (D.D.C. 2018) ............................................................................ 12

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982) .................................................................................................... 12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................................................... 12, 13, 14

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...................................................................................... 14

*Harris v. Palm Springs Alpine Estates, Inc.*,
  329 F.2d 909 (9th Cir. 1964) ...................................................................................... 12

*Hart v. Colvin*,
  310 F.R.D. 427 (N.D. Cal. 2015) ................................................................................ 16

*Hernandez v. County of Monterey*,
  305 F.R.D. 132 (N.D. Cal. 2015) .......................................................................... 11, 13

*J.L. v. Cissna*,
  No. 18-cv-04914, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019) ................................... 16

*Jane Doe 1 v. Nielsen*,
  357 F. Supp. 3d 972 (N.D. Cal. 2018) ........................................................................ 16

*Johnson v. California*,
    543 U.S. 499 (2005) ................................................................................................ 13

*Leyva v. Medline Indus., Inc.*,
    716 F.3d 510 (9th Cir. 2013) .................................................................................... 11

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012) .................................................................................. 10

*Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) .................................................................................................. 11

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) .............................................................................. 14, 15

*Price v. City of Stockton*,
    390 F. 3d 1105 (9th Cir. 2004) .................................................................................. 9

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) .................................................................................. 16

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017) .................................................................... 10

*Scholl v. Mnuchin*,
    489 F. Supp. 3d 1008 (N.D. Cal. 2020) .................................................................... 10

*Staton v. Boeing Corp.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................... 15

*Wal-Mart Stores, Inc., v. Dukes*,
    564 U.S. 338 (2011) .................................................................................................. 13

*Wortman v. Air New Zealand*,
    326 F.R.D. 549 (N.D. Cal. 2018) .............................................................................. 12

*Zepeda Rivas v. Jennings*,
    445 F. Supp. 3d 36 (N.D. Cal. 2020) ........................................................................ 10

**Statutes**

7 U.S.C. § 2011 ................................................................................................................ 13
7 U.S.C. § 2014(b) ........................................................................................................... 17
7 U.S.C § 2013(b)(7)(A) ............................................................................................ 6, 11

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................. passim

Fed. R. Civ. P. 23(a)(1) .................................................................................................................. 12
Fed. R. Civ. P. 23(a)(3) .................................................................................................................. 14
Fed. R. Civ. P. 23(a)(4) .................................................................................................................. 15
Fed. R. Civ. P. 23(a)(2) ............................................................................................................ 12, 14
Fed. R. Civ. P. 23(b) ...................................................................................................................... 11
Fed. R. Civ. P. 23(b)(2) ................................................................................................. 6, 9, 15, 16
Fed. R. Civ. P. 23(g) ...................................................................................................... 6, 9, 15, 17
Fed. R. Civ. P. 23(g)(1) .................................................................................................................. 17

**Other Authorities**

*Class Certification in the Age of Aggregate Proof,*
    84 N.Y.U. L. Rev. 97 (2007) ..................................................................................................... 16

*Federal Practice and Procedure* § 1763 (3d ed. 2006) ................................................................. 13

# NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

**PLEASE TAKE NOTICE** that on March 14, 2024, Plaintiffs Anika Okje Erdmann-Browning and Jacqueline Benitez, individually and on behalf of all others similarly situation, will and do hereby move for an order certifying or provisionally certifying Plaintiffs' claims as a class action, appointing Plaintiffs as class representatives, and appointing class counsel, under Rule 23(a), Rule 23(b)(2), and Rule 23(g) of the Federal Rules of Civil Procedure and Rule 7-2 of the Civil Local Rules of the Court.

Plaintiffs propose the following class definition:

> All households who are or will be certified to receive Supplemental Nutrition Assistance Program (SNAP) benefits for April 2024 and subsequent months in the 50 states, the District of Columbia, Guam, and the Virgin Islands.[1]

Defendants' failure to ensure prompt issuance of SNAP benefits for April 2024 and subsequent months applies uniformly to the proposed class and—as briefed in the concurrently filed Motion for Preliminary Injunction—injunctive and declaratory relief are appropriate for the class as a whole. The motion also requests appointment of Plaintiffs Erdmann-Browning and Benitez as representatives of the proposed class and attorneys at the Western Center on Law and Poverty (Richard A. Rothschild, Jodie Berger, Antionette Dozier, Robert Newman) and the Impact Fund (Lindsay Nako, Lori Rifkin, Fawn Rajbhandari-Korr, Meredith Dixon) as class counsel under Federal Rule of Civil Procedure 23(g).

This Notice is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the supplemental declarations of Plaintiff Anika Okje Erdmann-Browning, Plaintiff Jacqueline Benitez and Erica Padilla Chavez; the previously filed declarations of Gina Plato-Nino (ECF No. 12-2), Rebecca Silva (ECF No. 12-3), Shimica Gaskins (ECF No. 12-7), Louise Hayes (ECF No. 12-10), Hilary Williamson Hoynes (ECF 38-2), Theresa Havelka (ECF 82-3); the Declaration of Plaintiffs' counsel Richard Rothschild (ECF

---

[1] The U.S. territories of the Commonwealth of Puerto Rico, American Samoa, and the Commonwealth of the Northern Mariana Islands are excluded from the class, as, the Nutrition Assistance Program (NAP) block grants provide food assistance to low-income households in those areas, which are subject to annual appropriations to operate. The Food distribution program on Indian reservations is also excluded from the class, as funds made available for a fiscal year remain available for obligation for a period of 2 fiscal years. 7 U.S.C § 2013(b)(7)(A).

No. 11-3) and Supplemental Declaration of Plaintiffs' counsel Lindsay Nako; and the supplemental declaration of Plaintiffs' counsel Jodie Berger, and all exhibits thereto; filed in support of Plaintiffs' Motion for Preliminary Injunction and all exhibits thereto; and all of the records in the action.

The parties request a hearing date of March 14, 2024.

Dated: February 29, 2024

WESTERN CENTER ON LAW & POVERTY
THE IMPACT FUND

By: _____
Jodie Berger
*Attorneys for Plaintiff*

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

## I. INTRODUCTION

Plaintiffs Anika Okje Erdmann-Browning and Jacqueline Benitez currently receive subsistence food benefits assistance through the federally funded Supplemental Nutrition Assistance Program (SNAP).  Plaintiffs and the proposed class desperately need monthly SNAP benefits to feed themselves and their families.  Any delay in receiving these benefits will jeopardize their ability to do so, leaving them to choose between eating and meeting other basic needs, such as paying for shelter, buying gas to get to work, or purchasing medication.  In addition, the uncertainty of their continued receipt of benefits when there is no specific SNAP budget is causing plaintiffs stress, anxiety and food insecurity. Plaintiffs and all other SNAP recipients nationwide are in danger of not receiving their SNAP benefits in a timely manner beginning as early as April 1, 2024.  This delay will violate the Food and Nutrition Act, which mandates the timely payment of SNAP benefits to all eligible households that apply.

This putative class action lawsuit challenges the United States Department of Agriculture's (USDA) failure to inform states that SNAP benefits may issue even if there is no appropriation bill or continuing resolution funding, and to authorize the 53 SNAP agencies to continue issuing benefits.  To preserve the status quo and to prevent grievous irreparable injury to more than 42 million people, Plaintiffs have filed the accompanying motion for preliminary injunction to be heard on shortened time.  By the present motion, Plaintiffs separately seek an order from the Court certifying this lawsuit as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure or provisionally certifying the lawsuit for purposes of effectuating any order on Plaintiffs' motion for preliminary injunction.

Plaintiffs meet all the requirements for class certification.  *First,* the class is so numerous that it would be impractical to join all the people who currently receive SNAP benefits or who have applied for and will be eligible to receive SNAP benefits beginning April 1, 2024.  As of October 2023, there were over 42 million SNAP recipients in the United States and over 5 million SNAP recipients in California alone.  *Second,* members of the proposed class share

1  common questions of law and fact, including whether USDA's refusal to ensure that states issue
2  SNAP benefits in the absence of specific funding violates the Food and Nutrition Act by causing
3  a delay or interruption the issuance of approved benefits to eligible participants.  *Third*,
4  Plaintiffs' claims are typical of those of the proposed class: they are and anticipate continuing to
5  be eligible for SNAP benefits for the foreseeable future.  Both Plaintiffs face a potential
6  interruption of their benefits starting as of April 1 because of Defendants' actions.  *Fourth,*
7  Plaintiffs will fairly and adequately protect the interests of the class.  Likewise, Plaintiffs'
8  attorneys also will fairly and adequately represent the interests of the class.  They have decades
9  of experience in class actions, public benefits, and other complex cases in federal court, making
10 them adequate class counsel.  *Fifth*, this case is appropriate for certification under Rule 23(b)(2)
11 because Defendants have refused to act on grounds that apply to the class as a whole, and
12 Plaintiffs only seek declaratory and injunctive relief.  *Finally*, Plaintiffs Erdmann-Browning and
13 Benitez are appropriate representatives of the proposed class and the attorneys at the Western
14 Center on Law and Poverty and the Impact Fund are adequate class counsel under Federal Rule
15 of Civil Procedure 23(g).  The Court should grant this class certification motion.

## II.   RELEVANT FACTUAL BACKGROUND

For purposes of this motion, Plaintiffs incorporate the facts set forth in Section II of Plaintiffs' Motion for Preliminary Injunction.

## III.  CLASS CERTIFICATION IS NOT A NECESSARY PREREQUISITE TO PRELIMINARY INJUNCTIVE RELIEF

Although this lawsuit readily meets the requirements for class certification, the Court need not certify a class to grant the equivalent of class-wide relief in connection with Plaintiffs' motion for preliminary injunction.  Because all putative class members face the same harm as named plaintiffs, injunctive relief that secures named plaintiffs' SNAP benefits outside of discretionary appropriations will appropriately provide relief to those households as well.  *See, e.g., Price v. City of Stockton*, 390 F. 3d 1105, 1118 (9th Cir. 2004) ("Because the breadth of the [preliminary] injunction was necessary to preserve the status quo for all Plaintiffs, the district court did not abuse its discretion by ordering that relocation assistance benefits be provided to all

1  displaced persons."). See Section IV(B) of the Motion for Issuance of Preliminary Injunction for
2  a fuller discussion.

3        If the Court determines that class certification is necessary to grant class wide relief, then
4  Plaintiffs request that it rule upon this class certification motion in conjunction with the motion
5  for preliminary injunction. *See, e.g., Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202-1206
6  (N.D. Cal. 2017) (court provisionally certified a class of noncitizen minors and granted
7  preliminary injunction on their behalf), *aff'd*, 905 F. 3d 1137 (9th Cir. 2018). Under other "time
8  sensitive" circumstances, courts of this District have "[found] persuasive the approach" of
9  provisionally certifying classes for purposes of preliminary injunctive relief. *Scholl v. Mnuchin*,
10 489 F. Supp. 3d 1008, 1043 (N.D. Cal. 2020) (citing *Saravia*, 280 F. Supp. 3d 1168); *see also*
11 *Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 38-40 (N.D. Cal. 2020) (granting provisional
12 certification of class in conjunction with issuance of TRO); *Meyer v. Portfolio Recovery Assocs.,*
13 *LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (holding district court did not abuse its discretion by
14 provisionally certifying class for purpose of entering preliminary injunction).

15       If the Court determines that class certification is necessary to grant class wide relief, then
16 Plaintiffs request that it rule upon this class certification motion in conjunction with the motion
17 for preliminary injunction. *See, e.g., Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202-1206
18 (N.D. Cal. 2017) (court provisionally certified a class of noncitizen minors and granted
19 preliminary injunction on their behalf), *aff'd*, 905 F. 3d 1137 (9th Cir. 2018). Under other "time
20 sensitive" circumstances, courts of this District have "[found] persuasive the approach" of
21 provisionally certifying classes for purposes of preliminary injunctive relief. *Scholl v. Mnuchin*,
22 489 F. Supp. 3d 1008, 1043 (N.D. Cal. 2020) (citing *Saravia*, 280 F. Supp. 3d 1168); *see also*
23 *Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 38-40 (N.D. Cal. 2020) (granting provisional
24 certification of class in conjunction with issuance of TRO); *Meyer v. Portfolio Recovery Assocs.,*
25 *LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (holding district court did not abuse its discretion by
26 provisionally certifying class for purpose of entering preliminary injunction).

27 **IV.   LEGAL STANDARD AND PROPOSED CLASS DEFINITION**
28       Federal Rule of Civil Procedure 23(a) requires parties seeking class certification to

establish:

    (1) that the class is so large that joinder of all members is impracticable (numerosity);

    (2) that there are one or more questions of law or fact common to the class (commonality);

    (3) that the named parties' claims are typical of the class (typicality); and

    (4) that the class representatives will fairly and adequately protect the interests of other members of the class (adequacy of representation).

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011).  The proposed class must also satisfy one of the subsections of Rule 23(b), "which defines three different types of classes." *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).  Plaintiffs who satisfy these prerequisites have a "categorical" right to "pursue [their] claim as a class action."  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

Plaintiffs propose to certify a class under Rule 23(a) and (b)(2) defined as follows:

> All households who are or will be certified to receive Supplemental Nutrition Assistance Program (SNAP) benefits for April 2024 and subsequent months in the 50 states, the District of Columbia, Guam, and the Virgin Islands.[2]

Membership in the proposed class is based on objective characteristics: (1) residents of the United States, two of its territories, and the District of Columbia; (2) who have been or will be certified to receive SNAP benefits; (3) for the specific time period (April 2024 and subsequent months).  *See Hernandez v. County of Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015) (approving class definition where membership is determined by objective criteria and avoids subjective standards).

///

///

---

[2] The U.S. territories of the Commonwealth of Puerto Rico, American Samoa, and the Commonwealth of the Northern Mariana Islands are excluded from the class, as, the Nutrition Assistance Program (NAP) block grants provide food assistance to low-income households in those areas, which are subject to annual appropriations to operate.  The Food distribution program on Indian reservations is also excluded from the class, as funds made available for a fiscal year remain available for obligation for a period of 2 fiscal years.  7 U.S.C § 2013(b)(7)(A).

## V. THE PROPOSED CLASS MEETS ALL REQUIREMENTS FOR CERTIFICATION

### A. The Proposed Class Satisfies the Requirements of Rule 23(a).

A district court must conduct a "rigorous analysis" to ensure that the Rule 23(a) requirements are met. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). The named Plaintiffs and the proposed class satisfy these requirements.

#### 1. The proposed class is sufficiently numerous that joinder is impractical.

Numerosity is met when the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability refers to the difficulty or inconvenience of joining all members of the class. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Plaintiffs "do[] not need to allege a precise number of class members, but may make a reasonable estimate." *Wortman v. Air New Zealand*, 326 F.R.D. 549, 556 (N.D. Cal. 2018). Classes challenging unlawful denials of public benefits regularly satisfy numerosity. *See, e.g.*, *Garnett v. Zeilinger*, 301 F. Supp. 3d 199, 206 (D.D.C. 2018).

Defendants' conduct uniformly is causing negative impacts from food insecurity and threatens the benefits of millions of SNAP recipients—over 42 million SNAP recipients in the United States, including over five million SNAP recipients in California.[3] The proposed class is sufficiently numerous to satisfy Rule 23(a)(1).

#### 2. The case presents common questions of law and fact.

Plaintiffs satisfy the commonality requirement of Rule 23(a)(2) because there are questions of law and fact common to the class. "The requirements of Rule 23(a)(2) have 'been construed permissively,' and '[a]ll questions of fact and law need not be common to satisfy the rule.'" *Ellis*, 657 F.3d at 981, *citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The existence of shared legal issues with divergent factual predicates is sufficient.

---

[3] Supplemental Nutrition Assistance Program (data as of January 12, 2024), state level participation and benefits by persons, https://fns-prod.azureedge.us/sites/default/files/resource-files/snap-persons-1.pdf (last visited Feb. 26, 2024); Cal. Dep't of Soc. Servs., CalFresh Data Dashboard (last updated Feb. 21, 2024), available at https://public.tableau.com/app/profile/california.department.of.social.services/viz/CFdashboard-PUBLIC/Home (last visited Feb. 28, 2024).

*Hanlon*, 150 F.3d at 1019.

Just one common question is sufficient for commonality provided that the "determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350, 359 (2011). The Ninth Circuit has held "in a civil-rights suit, commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *overruled on other grounds, Johnson v. California*, 543 U.S. 499 (2005). Moreover, class actions that seek injunctive or declaratory relief by their very nature present common questions of law and fact. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 26 (D.D.C. 2007) (citing 7A Wright, Miller & Kane, *Fed. Practice & Proc.* § 1763 (3d ed. 2006)).

The proposed class satisfies commonality because the *same* question of law applies to every member of the class: is USDA violating the Food and Nutrition Act, which created SNAP "to safeguard the health and well-being of the Nation's population" (7 U.S.C. § 2011), by treating SNAP benefits as dependent upon discretionary funding by requiring specific new appropriation legislation or a continuing resolution to continue issuing SNAP benefits for April 2024 and subsequent months? "Commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Hernandez*, 305 F.R.D. at 153.

The key facts underlying the claims are common: every class member is or will be certified to receive monthly SNAP benefits in April 2024; every class member faces the potential interruption of their SNAP benefits in April; and every class member will suffer from the uncertainty of continued benefits in the absence of specific funding and Defendants' refusal to inform states they may continue to issue SNAP benefits for April and beyond regardless of an appropriation bill or additional continuing resolution.

Resolution of the core legal question—whether Defendants will violate the Food and Nutrition Act by treating SNAP as dependent upon discretionary spending to fund SNAP benefits for April 2024—will determine whether injunctive relief is appropriate to direct the

1  Secretary of Agriculture to initiate benefits for April 2024 and beyond.  Rule 23(a)(2)'s
2  commonality requirement is therefore met.

### 3. The named plaintiffs are typical of the class.

To satisfy typicality, plaintiffs must show that their claims are typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  "The test of typicality is whether the other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same court of conduct."  *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotations omitted).  The typicality requirement serves to ensure that the interest of the named representatives align with the interests of the class.  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  It is a permissive standard and requires that representative claims are reasonably coextensive with those of absent class members; they need not be substantially identical.  *Hanlon*, 150 F.3d at 1020.  Plaintiffs meet this test.  Plaintiffs Erdmann-Browning and Benitez are SNAP recipients in California who are currently eligible to receive SNAP benefits, and are approved or anticipate receiving SNAP benefits in April 2024 and after.  Supplemental Declaration of Anike Okje Erdmann-Browning (Supp. Erdmann-Browning Decl.) ¶ 4; Supplemental Declaration of Jacqueline Benitez (Supp. Benitez Decl.) ¶5.  Like all class members, they are faced with the prospect that their April SNAP benefits will be delayed or suspended.  Their injuries are the same as those experienced by the class.  Declaration of Hilary Hoynes in Support of Plaintiffs' Motion for Preliminary Injunction, ¶¶ 3, 16-24 (ECF 38-2); Declaration of Theresa Havelka in Support of Plaintiffs' Motion for Preliminary Injunction ¶¶ 8-11 (ECF No. 38-3); Declaration of Gina Plata-Nino, ¶¶ 5, 7-9 (ECF No. 12-2); Declaration of Rebecca Silva ¶¶ 6-9; (ECF No. 12-3), Declaration of Erica Padilla Chavez ¶¶ 8-12 (ECF No. 12-6); Declaration of Shimica Gaskins ¶¶ 8-11 (ECF No. 12-7).  Both plaintiffs are suffering from not knowing when their benefits may stop because of the ongoing inability of Congress to pass specific SNAP appropriation legislation and the short duration of the continuing resolutions.  Supp. Erdmann-Browning Decl. ¶¶ 17-20; Supp. Benitez Decl. ¶¶ 15-19.

///

**4.     The named plaintiffs and their counsel are adequate representatives.**

The final requirement under Rule 23(a) is that the named plaintiffs and their proposed class counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4), 23(g). The Court must determine whether the class representatives "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class" through qualified counsel. *Staton v. Boeing Corp.*, 327 F.3d 938, 957 (9th Cir. 2003). The focus is on uncovering "conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation omitted).

Plaintiffs' interests are directly aligned with those of the class. Like all class members, they are facing stress and increased food insecurity if their SNAP benefits are delayed or suspended. Erdmann-Browning Decl. ¶¶ 12, 13, 17, 20; Benitez Decl. ¶ 15-18 (afraid, panicked, and rationing food, medicine and electricity). They want to timely obtain these benefits for themselves and for the class. Erdmann-Browning Decl. ¶ 16; Benitez Decl. ¶ 20. They understand their duties as class representatives and that they must prioritize the interests of the class over their own. Erdmann-Browning Decl. ¶ 21; Benitez Decl. ¶ 20.

Proposed class counsel will also adequately represent the interests of the class. Plaintiffs' counsel, the attorneys at the Western Center on Law and Poverty and the Impact Fund, together bring extensive experience in public benefits and class action litigation and are prepared to vigorously represent the class. *See* Section V.C. *infra* (Appointment of Class Counsel).

**B.     The Proposed Class Meets the Standard for Rule 23(b)(2) Certification.**

Federal Rule of Civil Procedure 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2) is "unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688. It is sufficient if the defendant has engaged in a pattern of activity that is "central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 57 (3d

1    Cir. 1994). The "indivisible nature of the injunctive and declaratory remedy" justifies
2    certification because the conduct "can be enjoined or declared unlawful only as to all of the class
3    members or as to none of them." *Dukes*, 564 U.S. at 360 (quoting Richard A. Nagareda, *Class
4    Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2007)). The fact that
5    some class members may have suffered no injury or different injuries from the challenged
6    practice does not prevent the class from meeting the requirements of Rule 23(b)(2). *Rodriguez v.
7    Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).

8          This Court has routinely certified classes challenging federal agency policies under Rule
9    23(b)(2). *See, e.g.*, *J.L. v. Cissna*, No. 18-cv-04914, 2019 WL 415579, at *11 (N.D. Cal. Feb. 1,
10   2019) (challenge to U.S. Citizenship and Immigration Services' policy denying legal status to
11   certain non-citizen children who received guardianship order in California probate courts); *Jane
12   Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 993 (N.D. Cal. 2018) (challenge to Department of
13   Homeland Security notices regarding refugee status ineligibility); *Hart v. Colvin*, 310 F.R.D.
14   427, 439 (N.D. Cal. 2015) (challenge to Social Security Administration policy of relying on
15   disqualified doctor's reports to deny benefits).

16         Here, USDA has historically taken the position that, absent the passage of an annual
17   appropriation bill or a continuing resolution and use of any available contingency reserves,
18   SNAP operations must cease. Decl. of Jodie Berger ISO TRO and OSC (Berger Dec.) ¶ 7, Ex. 4
19   (ECF No. 12-9); Supplemental Decl. of Jodie Berger ISO Prelim. Inj. (Berger Supplemental
20   Dec.) ¶ 9-12, Ex. 7-10. As of the filing of this motion, Defendants have not issued any
21   instructions or apportionment of the contingency funds, despite demand. Berger Supplemental
22   Dec. ¶¶ 3-4. In addition, USDA has previously told states that if they use state funds for SNAP
23   issuances, they are liable and have no guarantee of federal reimbursement. Berger Dec. at ¶ 8,
24   Ex. 5 ("Supplemental Nutrition Assistance Program (SNAP) Lapse in Funding Questions from
25   States – Part 5," dated October 11, 2013). USDA acknowledged that obligating funds for the
26   first month of a new fiscal year in the last month of a current fiscal year aligned with the
27   agency's commitment to ensuring receipt of benefits "without disruption." Burr Declaration ¶ 5
28   (ECF. No. 31). Absent specific instructions from USDA to proceed with the April 2024 issuance

regardless of new specific funding, state SNAP agencies will not begin the process to timely issue the monthly allotments.  Plaintiffs have provided proof that the states have set deadlines for when they must start the issuance process to meet their legal obligation of timely benefit delivery.  Berger Suppl. Decl. at ¶ 5, Ex. 4 (email from Andrea Brayboy,  California Department of Social Services CalFresh and Nutrition Branch Chief) and ¶¶ 6, 7 (processing deadlines for 31 states and California);  Declaration of Louise Hayes ¶ 6 (ECF No. 12-10, describing email exchange with the Pennsylvania Department of Human Services' Office of Income Maintenance).

Plaintiffs seek class-wide injunctive and declaratory relief to remedy USDA's failure to ensure timely issuance of SNAP benefits in the absence of an annual appropriation bill or a continuing resolution.  Any order entered by this Court would inure to the benefit of all members of the class because SNAP is a nationwide program with eligibility rules and benefit levels that are generally set at the federal level.  7 U.S.C. § 2014(b).[4]

### C. The Court Should Appoint Attorneys from the Western Center on Law and Poverty and the Impact Fund as Class Counsel under Rule 23(g).

When certifying a class, the court is required to appoint counsel to represent the certified class.  Fed. R. Civ. P. 23(g).  This Court should appoint attorneys from the Western Center on Law and Poverty (Richard A. Rothschild, Jodie Berger, Antionette Dozier, Robert Newman) and from the Impact Fund (Lindsay Nako, Lori Rifkin, Fawn Rajbhandari-Korr, Meredith Dixon) to represent the proposed class.

In evaluating counsel, the court must consider: (1) the work counsel has done investigating the claims; (2) counsel's experience in handling class actions and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1).  In

---

[4] *See also* Center on Budget and Policy Priorities, "Policy Basics: The Supplemental Nutrition Assistance Program (SNAP)," June 9, 2022, https://www.cbpp.org/research/policy-basics-the-supplemental-nutrition-assistance-program-snap ("SNAP eligibility rules and benefit levels are, for the most part, set at the federal level and uniform across the nation, though states have flexibility to tailor aspects, such as the value of a vehicle a household may own and still qualify for benefits.") (last visited Feb. 28, 2024).

1  addition to these factors, the court may consider "any other matter pertinent to counsel's ability
2  to fairly and adequately represent the interests of the class." *Id*.

3  **Investigation:** Proposed class counsel has been diligently investigating the specific
4  claims in this case when it began to appear that Congress would not enact appropriations bills
5  before the end of Federal Fiscal Year 2023 (September 30, 2023), and when members of
6  Congress voiced opposition to a continuing resolution. Berger Decl. ISO TRO, ¶ 10 (ECF. No.
7  12-9). Plaintiffs' counsel evaluated the legal issues relating to delays and suspensions of SNAP
8  benefits and consulted with economists, hunger experts, and food bank professionals before
9  filing the complaint in this matter. *Id*. Western Center promptly notified Defendants of the
10 pending and then filed litigation, and Plaintiffs' counsel have been meeting and conferring with
11 counsel for Defendants since the initiation of the litigation. *See generally* Berger Decl.; Berger
12 Supplemental Dec. ¶ 15.

13 **Subject Matter and Class Action Expertise:** Attorneys from Western Center have deep
14 and longstanding expertise in the area of public benefits. ECF No. 11-3, Decl. of Richard
15 Rothschild in Supp. of Pls. Motion for Class Certification (Rothschild Decl.) ¶¶ 2-3, 5-12. They
16 have served as counsel in dozens of class actions, including significant cases on behalf of public
17 assistance recipients. *Id*. Impact Fund attorneys have expertise in class action and complex
18 litigation, particularly on social justice issues. Decl. of Lindsay Nako in Supp. of Motion for
19 Class Certification (Nako Decl.) ¶¶ 5-8. The attorneys at these two public interest law firms
20 have been approved to serve as class counsel in many major civil rights class actions in this
21 district and in other courts. Rothschild Decl. ¶¶ 2, 3; Nako Decl. ¶¶ 5, 6.

22 **Commitment of Time and Resources:** Proposed class counsel has and is prepared to
23 commit the time and resources necessary to litigate this case and represent the interests of the
24 class. Rothschild Decl. ¶ 14; Nako Decl. ¶ 10.

25 **VI.   CONCLUSION**
26    This case presents precisely the circumstances where a class action is warranted.
27 Accordingly, Plaintiffs respectfully request that this Court certify the proposed class or
28 provisionally certify it for purposes of effectuating any order on Plaintiffs' motion for

1 preliminary injunction, appoint Plaintiffs as class representatives, and appoint Plaintiffs' counsel as class counsel.

Dated: February 29, 2024                     WESTERN CENTER ON LAW & POVERTY
                                             IMPACT FUND

                                             By: /s/ Jodie Berger
                                                 Jodie Berger
                                                 *Attorneys for Plaintiff*